Gene **DETROY**, Plaintiff,

v.

**AMERICAN GUILD OF VARIETY ART-ISTS**, Joey Adams, as its President and Joe Smith, as its Treasurer, Defendants.

United States District Court
S. D. New York.
Oct. 4, 1960.
Judgment Reversed Jan. 13, 1961.
See 286 F.2d 75.

Henry M. Katz, New York City, for plaintiff.

Benenson & Israelson, New York City, for defendants; Harold F. Berg, New York City, of counsel.

DIMOCK, District Judge.

This is a motion by defendant for summary judgment. The action is one by a variety entertainer against defendant American Guild of Variety Artists, a labor union whose membership is made up of such variety entertainers. Plaintiff seeks an injunction against the maintenance of his name upon a so-called unfair list of variety entertainers. The effect of having a performer's name upon such a list is practically to preclude him from obtaining engagements. Plaintiff's name was put on the unfair list because of non-payment of an arbitration award rendered against him in favor of a resort where he was under contract to perform.

The motion is based, first, upon the allegation that, although plaintiff asserts that jurisdiction of the action is conferred upon the court by section 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.Code § 412, the complaint is not one included within the purview of the provisions

of section 101(a) (5) of said Act, and second, upon the ground that plaintiff failed to exhaust his remedies within the Union as required by the constitution of the Union pursuant to authority contained in section 101(a) (4) of the Act.

The action is clearly one of which the court is given jurisdiction by section 102 of the Act which provides that any person whose rights secured by the provisions of the title have been infringed by any violation of the title may bring a civil action in a district court of the United States. The title referred to is known as the Bill of Rights of Members of Labor Organizations.

Section 101(a) (5) provides:

"(5) Safeguards against improper disciplinary action.—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

Placing plaintiff's name upon the unfair list constituted disciplining of plaintiff within the terms of the statute. He alleges that the Union never served him with written specific charges, never gave him a reasonable time to prepare his defense and never afforded a full and fair hearing.

Defendants argue that, because the arbitration proceeding between plaintiff and the employer resort was one where the specific charge was set forth in a writing signed by plaintiff and the employer, where plaintiff was given a reasonable time to prepare his case and where there was a full and fair hearing, the conditions essential to a disciplinary action were satisfied. The trouble with that argument is that the arbitration proceeding was not a disciplinary proceeding. The object of the arbitration proceeding was to determine a financial dispute between plaintiff and his employer. Neither in any paper in the arbitration proceeding nor in any provision of the Union's constitution or by-laws was it provided that failure to pay the award would result automatically in placing the plaintiff's name upon the unfair list. The placing of his name upon the unfair list was an act of the Union which was not even a party to the arbitration proceeding. Plaintiff's claim is thus one clearly within the purview of the provisions of section 101(a) (5) of the Act.

Defendants say, however, that the action must be dismissed for failure to exhaust the remedies within the Union. Section 101(a) (4) provides in part:

"*Provided*, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations".

Article XX of the Constitution of the Union entitled "(Claims of Members)" reads as follows:

"Section 1. Unless the Board or the Executive Committee, upon application made to it in writing by a claimant, grants a waiver from the provisions of this Article, the exclusive remedy of a member who has or asserts a claim against the Association or any of its representatives shall be as follows:"

Then follow provisions that the claim must be in writing, must be submitted to certain persons in a certain way and be accompanied by affidavits of witnesses. The section then proceeds:

"(B) Within thirty (30) days after the claim and supporting papers are filed with the Board or the Executive Committee, the Board or the Executive Committee shall set a date for the hearing of the claim, giving the claimant at least ten (10) days' notice of hearing in writing and an opportunity to be personally present to present his evidence and

that of his witnesses, if any, at such hearing or hearings. Where the claim is against a representative of the Association, the Board or the Executive Committee shall also give such representative at least ten (10) days' notice of hearing in writing and an opportunity to be personally present and to present his evidence and that of his witnesses. The representative of the Association shall file an answer to the complaint within ten (10) days from receiving a copy of the complaint, together with the affidavits of any witnesses.

"Upon the date set for the hearing, the complaint shall be heard. Either party may be represented by counsel of his own selection. The Board of the Executive Committee must make a final determination of the complaint within thirty (30) days after the hearing shall be closed and shall notify the respective parties, in writing, of its decision."

Then follow provisions for a further appeal by notice filed with the National Administrative Secretary not later than thirty days after notice of the making of the decision. Then follows this provision:

"Should any member assert or seek to assert, or enforce a claim in any manner contrary to this Article, * * * the Association, or its representatives, as the case may be, shall have the right to set up, as a complete defense, the remedies provided in this Article, regardless of whether the action or proceeding is in law or in equity in any Court wherein the matter shall be brought."

While, as above stated, it seems clear that the Union has violated plaintiff's rights in disciplining him without a hearing, it is just as plain that the Union has provided in its constitution that he cannot prosecute a claim for violation of those rights in court until he has presented and exhausted that claim within the organization.

These provisions of the Union's constitution are valid except insofar as plaintiff's attempt to exhaust them shall exceed a four-month lapse of time as provided in the excerpt from section 101(a) (4) above quoted. Plaintiff must, therefore, before applying to the United States District Court for relief, prosecute for a four-month period within the organization his claim to have his name removed from the unfair list because of failure of the organization to serve him with written specific charges, give him a reasonable time to prepare his defense and afford him a full and fair hearing.

Defendants' motion for summary judgment dismissing the complaint is granted.

Plaintiff's motion for a temporary injunction is dismissed as moot.